IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LONNIE BRITTON,<br><br>    Petitioner,<br><br>    v.<br><br>GARY LANIGAN, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-3701 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

Before the Court is Petitioner Lonnie Britton's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket Entry 3. Based on Petitioner's affidavit of indigency, the Court will grant his *in forma pauperis* application. *See* Docket Entry 1-9.

1. Petitioner, a state-sentenced inmate incarcerated at South Woods State Prison, submitted over 500 pages spanning 5 envelopes for a civil rights complaint. *See Britton v. City of Atlantic*, No. 17-1986 (D.N.J. filed April 4, 2017). As portions of the received documents indicated he wished to file a "protective petition" under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court ordered the Clerk's Office to create a separate proceeding to consider under § 2254.

2. The Court thereafter administratively terminated the petition and directed Petitioner to submit his § 2254 claims on

the form provided by the Clerk. June 6, 2017 Order, Docket Entry 3.

3. Petitioner submitted the form and the Court reopened the matter for review.

4. Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

5. Habeas Rule 4 requires the assigned judge to *sua sponte* dismiss a habeas petition or application without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...

28 U.S.C. § 2254 Rule 4.

6. Habeas Rule 2 provides in relevant part:

(c) Form. The petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury ...

28 U.S.C. § 2254 Rule 2(c).

7. The Supreme Court explained the habeas pleading requirements as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also* Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important...."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted))....
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

*Mayle v. Felix*, 545 U.S. 644, 655 (2005).

8. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The United States Court of Appeals for the Third Circuit has found summary

3

dismissal without the filing of an answer warranted where none of the grounds alleged in the petition would entitle the petitioner to habeas relief, *see United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, *see United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

9. Petitioner appears to raise six grounds for relief. The first ground asserts: "The initial complaint is a legal fiction derived under the color of state law through administrative directives a has a [sic] policy that deprives due process, which forgo's corpus delicti as the basis for subject matter jurisdiction." Petition ¶ 12. He lists as the supporting facts: "The information displayed in the initail [sic] complaint/complimentary dispute resolution form is exhibited for a matter merely criminal, and the complain [sic] specifically invoke's [sic] the jurisdiction of the admiralty side of the court, so as to ensure that the action does not proceed on the law side." *Id.*

10. The second ground states: "Before the jurisdiction of this Court all right's where reserved under protest . . . without prejudice." *Id.* (ellipses in original). For supporting facts, Petitioner writes: "On August 19, 2014 before the trial court in the hearing conducted in a court of record I made the exclusive reservation in court [before] Hon. Bernard Delury

Preliminary hearing also the office of public defender withdrew as counsel from representing my case."

11. The third ground appears to allege trial counsel was ineffective, and the fourth ground alleges the trial court erred in denying Petitioner's motion to represent himself.

12. Ground Five states: "This petitioner was denied the conditional acceptance and exemption supported by state law as a remedy in honor of the claims of offense." He further states "On May 22, 2015 I, submitted simultaneously 'Commercial Affidavit's' [sic] with exhibit's [sic] for proof of claim and Conditional Acceptance to Atlantic County Criminal Case Mgt and prosecuting office . . . ." (emphasis omitted).

13. Ground Six alleges: "The trial court's [sic] rejected my colorable claim of relief and dispute of fact's: That I, am a Beneficiary of the Trust: Cestui Que Trust." He proceeds to make vague assertions of errors committed by the trial court and trial counsel during the plea negotiations and colloquy.

14. Ground One is clearly meritless and does not warrant an answer from the State. Although challenges to the jurisdiction of the trial court and validity of the complaint would be appropriately raised in a § 2254 proceeding, the stated facts in support indicate Petitioner asserts the trial court was acting as a maritime court under admiralty jurisdiction. This is a patently frivolous legal argument to which no answer is

required. As such, this ground is summarily dismissed with prejudice.

15. In its present form, Ground Two fails to set forth grounds for relief. Petitioner does not state what objections he made in the trial court on August 19, 2014, and "[t]he law does not require, nor does justice demand, that a judge must grope though [over 500 pages] of irrational, prolix and redundant pleadings, containing matters foreign to the issue involved in a proceeding for a writ of habeas corpus, in order to determine the grounds of petitioner's complaint." *Passic v. State*, 98 F. Supp. 1015, 1016–17 (E.D. Mich. 1951). Petitioner may amend this claim by clearly stating the constitutional right or federal law that is alleged to have been violated and by supplying specific facts and references to the record that support his argument.

16. Based on this Court's review of the petition, only Grounds Two, Three, and Four may state a claim for relief under § 2254. However, these grounds require more specific facts in support of Petitioner's claims. In the interests of justice, the Court will provide Petitioner with one final chance to submit a petition that clearly sets forth the grounds for relief and the facts that support those claims.

17. Grounds One, Five, and Six are based on indisputably frivolous arguments, such as Petitioner being the beneficiary of a trust and his U.C.C. arguments, that do not provide a basis

for habeas relief. Grounds One, Five, and Six are dismissed with prejudice and may not be included in the amended petition.

18. Petitioner should submit his amended petition addressing Grounds Two, Three, and Four within 30 days.

19. If the Court does not receive an amended petition within 30 days, it will direct the State to answer only Grounds Three and Four. The other grounds will be summarily dismissed.

20. An appropriate Order accompanies this Opinion.

**September 27, 2017**             **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                             U.S. District Judge