IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LONNIE BRITTON,<br><br>    Petitioner,<br><br>v.<br><br>GARY LANIGAN, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-3701 (JBS)<br><br>**OPINION** |

**SIMANDLE, District Judge:**

I. <u>**INTRODUCTION**</u>

    1.   Before the Court is Petitioner Lonnie Britton's ("Petitioner") amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.E. 8 ("Amended Petition").) The Amended Petition presents "mixed claims," which is a combination of claims on which he seeks federal habeas relief, most of which are unexhausted (meaning never fairly presented to the highest state court) and one of which is exhausted. The principal issue to be decided is procedural: How should this court exercise its discretion in addressing this mixed petition consistent with the total exhaustion requirement of 28 U.S.C. §§ 2254(b)(1), (b)(2), & (c)? For the reasons stated herein, Petitioner shall be given thirty days from the date that this Opinion is entered on the docket to do one of the following:

a. File a motion to stay this proceeding in order that he may exhaust his Unexhausted Claims (as defined below in this Opinion) in state court. In that motion, Petitioner must demonstrate all of the following: (i) that there is good cause why the Court should stay, rather than dismiss, the mixed Amended Petition, (ii) that the Amended Petition sets forth potentially meritorious claims, and (iii) that he has not engaged in intentionally dilatory tactics by failing to exhaust the claims made in the Amended Petition; <u>or</u>

b. Submit a letter to this Court stating that he wants to dismiss all of the Unexhausted Claims in the Amended Petition and to proceed in this matter only on the Exhausted Claim (as defined below in this Opinion).

Petitioner's failure to file a motion or submit a letter as described above may result in dismissal of the Amended Petition as a mixed petition.

## II. **BACKGROUND**

2. Petitioner is a state-sentenced inmate incarcerated at South Woods State Prison. He originally submitted over five hundred pages in a civil rights complaint that he wished to file as a "protective petition." The Court ordered the Clerk's Office to create a separate proceeding to consider his filing under § 2254.

3. On June 6, 2017, the Court administratively terminated the petition for its use of the incorrect form. (D.E. 3.)

4. Petitioner then submitted the correct form (D.E. 4), and on June 28, 2017 the Court reopened the matter for review.

5. As noted in this Court's September 27, 2017 Opinion (D.E. 5 at 4), Petitioner's submissions initially appeared to raise six grounds for habeas relief. The Court dismissed Grounds One, Five, and Six with prejudice and allowed Petitioner thirty days to provide more specific facts supporting Grounds Two, Three, and Four. (D.E. 5 at 5-7.)

6. On October 16, 2017, Petitioner filed his Amended Petition. (D.E. 8.)

7. On or about January 3, 2019, Petitioner filed a Complaint for Declaratory Judgment against the Attorney General of the State of New Jersey, the Warden of South Woods State Prison, and Gary Lanigan. (D.E. 16.) Neither that filing nor its largely incomprehensible claims relate to or alter in any way the total exhaustion doctrine analysis or the results of that analysis as set forth below in this Opinion.

**A.  The Amended Petition**

8. Based on this Court's review of the Amended Petition, Ground One appears to allege that:

 a. The trial court violated Petitioner's due process rights on August 13, 2014 "when issuing a summary order

predicated on mental health claims" (Docket Entry 8 at 7 (referred to as "Summary Order Claim"));

  b. The trial court violated Petitioner's constitutional rights by "ordering [Petitioner] forcibly and physically removed from the court ... without a clear and present danger ... while expressing information ..." (Docket Entry 8 at 7 (referred to as "Removal Claim"));

  c. Petitioner was deprived of his constitutional right to counsel when Eric Shenkus, Esquire withdrew as his attorney (*Id*. (referred to as "Counsel Withdrawal Claim")); and

  d. Counsel Omar Aguilar, Esquire violated Petitioner's right to counsel by "display[ing] 'gross negligence' [in] ... ignor[ing] [Petitioner's] requests ... to speak for myself and not to enter a plea or waive the reading of the indictment." (*Id*. (referred to as "Counsel Performance Claim").)

 9. In response to Ground One, Respondents contend that: there is nothing in the record even suggesting the events Petitioner alleges; he provides no factual basis for his claim and has not demonstrated any injury; and Petitioner's current incarceration is on the basis of his guilty plea and not on the basis of any alleged restraint and removal. (D.E. 13 at 10-12.)

 10. Ground Two alleges that Mr. Aguilar rendered ineffective assistance of counsel ("IAC") in various ways, in

4

violation of Petitioner's Sixth Amendment rights. (D.E. 8 at 10-13 ("referred to as "Aguilar-IAC Claim").

11. In response, Respondents contend that the Counsel Withdrawal Claim (Ground One) and Aguilar Claim (Ground Two) are without merit because Petitioner provides no evidence to demonstrate IAC. (D.E. 13 at 12.) Respondents also point out that: Petitioner never sought post-conviction relief ("PCR"); he never presented any IAC claim to any state court; and thus there is no state court decision regarding IAC that was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). (D.E. 13 at 12-14.)

12. Ground Three of the Amended Petition appears to allege that:

    a. The trial court held a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975) in such a manner as to subject Petitioner to duress and to restrict his right to express his position (D.E. 8 at 15 (referred to as "Faretta Claim"));

    b. The trial court, in denying Petitioner's motion to proceed *pro se*, "erred by denying [Petitioner] the right to conduct my own defense" (*Id*. at 15 (referred to as "Self-Representation Claim"));

5

c. The trial court was "offensive [in its] exercise of jurisdiction" over Petitioner (*Id.* (referred to as "Exercise of Jurisdiction Claim")); and

d. The arrest warrant against Petitioner "had many defects," the various particulars of which he alleges in Ground Three (*Id.* (referred to as "Warrant Claim")).

13. In response to Ground Three, Respondents contend that: the record nowhere suggests that Petitioner was afraid or under duress at the *Faretta* hearing; the trial judge's denial of Petitioner's motion to proceed *pro se* was firmly supported by the record; there is no discernible legal basis for the Exercise of Jurisdiction Claim; and Petitioner's decision to plead guilty and to not challenge the warrant or indictment via interlocutory appeal or PCR proceedings render his warrant challenge meritless. (D.E. 13 at 14-16.)

### III. **DISCUSSION**

#### A. **Governing Law**

14. Prisoners in state custody applying for a federal writ of habeas corpus are required to first exhaust state judicial remedies, either on direct appeal or through collateral proceedings. To do so, prisoners must present the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(1) and (c); *O'Sullivan v. Boerckel,* 526 U.S.

838 (1999); *Rose v. Lundy,* 455 U.S. 509, 515–16 (1982); *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997), *cert. denied,* 532 U.S. 919 (2001); *Ross v. Petsock,* 868 F.2d 639 (3d Cir. 1989).

15. Exhaustion permits development of a complete factual record in state court, to aid the federal courts in their review. *Rose,* 455 U.S. at 519.

16. To these ends, the petitioner must first "fairly present" each ground for federal habeas relief to the state courts in a recognizable way, so that the federal court is not required to "read beyond a petition or brief" to understand the claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

17. A petitioner generally bears the burden to prove all facts establishing exhaustion. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000); *Toulson v. Beyer,* 987 F.2d 984, 987 (3d Cir. 1993).

18. Moreover, the exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Lundy,* 455 U.S. at 522, although the subsequent amendment at 28 U.S.C. § 2254(b)(2) gives the federal court discretion to address and deny even unexhausted claims having no merit.

19. Federal district courts may not adjudicate mixed petitions, *i.e.*, petitions that contain both exhausted and

7

unexhausted claims. *See Rhines v. Weber,* 544 U.S. 269, 273 (2005). When faced with a petition that contains unexhausted claims, a district court has four options (the "Mixed Petition Options")[1]:

    a.   *Dismiss the petition as unexhausted* -- The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Rose,* 455 U.S. at 522;

    b.   *Stay a mixed petition to allow the petitioner to exhaust in state court* -- Where the timeliness of a habeas corpus petition is at issue, a district court has the discretion to stay a mixed habeas petition to allow complete exhaustion in state court. *Rhines,* 544 U.S. at 277. "The *Rhines* Court stressed, however, that stays should be permitted only when the unexhausted claims are not 'plainly meritless' and there exists 'good cause for the petitioner's failure to exhaust his claims first in state court.'" *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) (quoting *Rhines*, 544 U.S. 269). Normally, a district court is directed to dismiss a mixed petition without prejudice, *Rhines*, 544 U.S. at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause a

---

[1] *See McLaughlin v. Shannon,* 454 F. App'x 83, 86 (3d Cir. 2011); *Mahoney v. Bostel,* 366 F. App'x 368, 371 (3d Cir. 2010); *Urcinoli v. Cathel,* 546 F.3d 269, 276 (3d Cir. 2008).

petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review;

    c.    *Allow petitioner to amend a mixed petition in order to delete the unexhausted claim(s). See*, *e.g.*, *Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *3 (D.N.J. Dec. 19, 2011); or

    d.    *Deny unexhausted claims on the merits under 28 U.S.C. § 2254(b)(2). See Rhines,* 544 U.S. at 277-78; *Carrascosa v. McGuire*, 520 F.3d 249, 255 (3d Cir. 2008).

20.    Because of the one-year limitations period for § 2254 habeas petitions[2], dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." *Crews v. Horn,* 360 F.3d 146, 151 (3d Cir. 2004). Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews,* 360 F.3d at 154.

21.    The Supreme Court has somewhat limited the stay-and-abeyance rule announced in *Crews*:

> [S]tay and abeyance should be available only in limited circumstances.... [S]tay and abeyance is only appropriate when the district

---

[2] *See* 28 U.S.C. § 2254(d).

> court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

*Rhines*, 544 U.S. at 277–78 (citations omitted).

22. Even where a stay is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in § 2254 claims' one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. *See also Crews,* 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-

10

conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated *nunc pro tunc*.") (citations omitted).

23. It is appropriate for a federal habeas court to raise *sua sponte* any concern that a petitioner has not exhausted his state court remedies.[3] *See*, *e.g.*, *Granberry*, 481 U.S. at 133-34, *cited in Day v. McDonough*, 547 U.S. 198, 214 (2006).

### B. The Amended Petition Is A Mixed Petition, Containing Both Exhausted And Unexhausted Claims

24. In this case, it appears to the Court that Petitioner has exhausted Ground Three's Self-Representation Claim ("the Exhausted Claim"). In November 2014, Petitioner asserted his claim before the trial court in a motion to proceed *pro se*. (D.E. 13-3.) On February 13, 2015, the Law Division of the Superior Court of New Jersey denied that motion. (D.E. 13-6.) At Petitioner's August 2015 trial and April 22, 2016 sentencing, Mr. Aguilar represented him. (See D.E. 13-9 at 1.) Petitioner directly appealed the denial of his motion to proceed *pro se*, and he also sought remand for reconsideration of aggravating and mitigating factors. (D.E. 13-12 at 2-3.) On November 15, 2016,

---

[3] The Court notes that Respondents have raised the defense of non-exhaustion with respect to the Counsel Withdrawal Claim in Ground One, the Aguilar Claim in Ground Two, and the Warrant Claim in Ground Three. (D.E. 13 at 14 and 16.)

the Appellate Division of the Superior Court of New Jersey denied Petitioner's appeal. (D.E. 13-13.) In his letter in lieu of petition for certification to the New Jersey Supreme Court, Petitioner "reli[ed] on the arguments advanced at the oral presentation before the Appellate Division" (D.E. 13-14) -- *i.e.*, Petitioner's challenges to his sentence and to denial of his motion to proceed *pro se*.

    25. Conversely, it appears that Petitioner has never presented the following claims to any state court: (a) Ground One's Summary Order Claim, Removal Claim, Counsel Withdrawal Claim, and Counsel Performance Claim[4]; (b) Ground Two's Aguilar-IAC Claim; and (c) Ground Three's Faretta Claim, Exercise of Jurisdiction Claim, and Warrant Claim ((a), (b), and (c) are collectively referred to as "the Unexhausted Claims").

    26. The Amended Petition is therefore a mixed petition.

    27. The Court thus has before it the Mixed Petition Options described *supra*.

    28. In determining whether to stay, rather than dismiss, an unexhausted habeas petition, a court must consider whether a petitioner has demonstrated: (a) good cause ("Good Cause

---

[4] The Court notes that Petitioner's complaint to the Ethics Committee of the New Jersey Supreme Court (D.E. 1-3 at 1-4) does not constitute fair presentation of a claim (whether IAC or otherwise) to the highest state court for purposes of the exhaustion doctrine. *See* 28 U.S.C. § 2254(b)(1) and (c); *Rose,* 455 U.S. at 515-16; *Lambert,* 134 F.3d at 513.

Factor"), (b) potentially meritorious claims ("Potential Merit Factor"), and (c) absence of intentionally dilatory tactics ("Absence of Delay Factor"). *Tarselli v. Superintendent Greene SCI*, 726 F. App'x 869, 874-75 (3d Cir. 2018); *Gamble v. Johnson*, No. 15-8358, 2019 WL 366558, at *1 (D.N.J. Jan. 30, 2019) (citing *Gerber v. Varano,* No. 12-3214, 2013 WL 341470, at *3 (3d Cir. Jan. 30, 2013) (citing *Rhines,* 544 U.S. at 277-78)).

29. The current record in this proceeding does not provide enough information for the Court to evaluate these factors and determine whether stay or dismissal is appropriate. The overall lack of clarity in the Amended Petition further compounds this matter's complexity.

30. In light of the Amended Petition's incomprehensible and disjointed presentation of Petitioner's claims, his demonstrated interest in pursuing his claims, and the Court being mindful of the one-year statute of limitation risks that Petitioner could face if this mixed petition were dismissed now, this Court will give him thirty days from the date that this Opinion is entered on the docket to either:

    a. File a motion to stay this proceeding in order to promptly pursue his Unexhausted Claims in state court (in which he must demonstrate each of: the Good Cause Factor (that is, the reasons why these Unexhausted Claims were not previously pursued in state court), the Potential Merit Factor (that is, the

factual and legal basis demonstrating that each Unexhausted Claim has potential merit), and the Absence of Delay Factor (that is, not intentionally delayed presenting the Unexhausted Claims)); or

    b. Submit a letter to this Court stating that he wants to dismiss all of his Unexhausted Claims and to proceed before this Court only on the Exhausted Claim.

### IV. CONCLUSION

31. For the reasons set forth above, Petitioner will be ordered to file either a motion or letter in accordance with the provisions of this Opinion.

32. An appropriate order follows.


**February 25, 2019**            **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                     U.S. District Judge